UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BREWBAKERS, INC., d/b/a BREWBAKERS BREWERY, a Washington corporation; ELEANOR R. BRUBAKER; and ROBERT G. BRUBAKER, <br><br> Defendants. | The Honorable Marsha J. Pechman <br><br> NO.  2:18-cv-00518-MJP <br><br> OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS <br><br> Noted on Motion Calendar for: January 11, 2019 |

## I. RELIEF REQUESTED

Brewbakers, Inc. d/b/a/ Brewbakers Brewery, and Eleanor and Robert Brubaker (collectively "Brewbakers" or "Defendants"), respectfully request that the Court deny Plaintiff J&J Sports Productions Inc.'s ("J&J") Motion to Dismiss Defendants' Counterclaims for Failure to State a Claim.

## II. INTRODUCTION AND STATEMENT OF FACTS

On April 9, 2016, Eleanor and Robert Brubaker held a small party on their property located at 11927 84th Street N.E., Lake Stevens, Washington.  As was their custom, they invited a few friends over to hang out and enjoy the evening.  Dkt. #24, ¶ 4.

1  The Brewbakers' property contains several small outbuildings that are 400 square
2  feet or smaller. The Brewbakers' get-together took place in one of the small outbuildings
3  that did not have a commercial license to sell beer and was not part of Brewbakers
4  Brewery, which is located in a different building on the same property. Dkt. #24, ¶¶ 3-4.
5  Rather, this small building was used for storage, including the storage of brewing
6  equipment. In 2016, this was a strictly residential building. Dkt. #24, ¶ 4. A boxing
7  match was playing on the television in this building, and all applicable fees had been
8  paid for this program. Dkt. #24, ¶ 5.

9  As stated in the report of J&J's own investigator, there was no beer sold at this
10 building, and no fees were charged for entry. Dkt. #20, Ex. 3. This is because this was
11 a private party, and not a commercial operation of Brewbakers Brewery.

12 J&J's investigator entered on the property owned by Eleanor and Robert
13 Brubaker without their authorization. Dkt. #24, ¶ 6. To enter this private residential
14 building, the investigator had to walk past "No Trespassing" signs posted on the property.
15 Dkt. #24, ¶ 6. This building is small and could comfortably hold around 10 people, not
16 50 people as alleged by J&J's investigator. Dkt. #24, ¶ 4; Dkt. #20, Ex. 3. J&J's
17 investigator wandered around the room for three minutes, counted the number of people
18 at the party, and left. Dkt. #20, Ex. 3. It should have been clear to him that it was a
19 private residential party – which may explain why he quickly left because it was rather
20 awkward given that he did not know any of the other people in attendance.

21              **III.   STATEMENT OF ISSUES**

22 1. Whether the Court should deny J&J's Motion to Dismiss Defendants'
23 Counterclaim when Brewbakers has pleaded facts consistent with an enforceable cause
24 of action.

25

OPPOSITION TO PLAINTIFF'S MOTION TO
DISMISS COUNTERCLAIMS – 2
175593.1 | 102225.2



Ahlers Cressman & Sleight PLLC
999 THIRD AVE, SUITE 3800 SEATTLE, WA 98104-4023

## IV.   AUTHORITY

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id*. at 678.  This is a context-specific task that requires the court to draw on its judicial experience and common sense.  *Id*. at 679.  In evaluating whether an appropriate claim has been pleaded, the court must accept the Brewbakers' factual allegations as true.  *Cycle Barn, Inc. v. Arctic Cat Sales Inc.*, 701 F. Supp.2d 1197, 1201 (W.D. Wash. 2010).

**A.   Defendants have Sufficiently Pleaded a Consumer Protection Act Claim**

A Consumer Protection Act ("CPA") claim has five elements:  (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986).

Plaintiff attempts to confine the Brewbakers' CPA counterclaim to a sentence-by-sentence review, rather than viewing it as a whole in the context of the entire counterclaim.  When viewed— as it must be— with common sense and in the context of this litigation, the Brewbakers sufficiently allege a Consumer Protection Act violation.

**1.   The Brewbakers Alleged an Unfair or Deceptive Act or Practice**

A plaintiff alleging an unfair act or practice need only show that the conduct had a capacity to deceive.  *State v. Mandatory Poster Agency, Inc.*, 199 Wn. App. 506, 518, 398 P.3d 1271 (2017).  Deception exists if there is a representation, omission, or practice that is likely to mislead a reasonable consumer.  *Id*.  While the CPA does not define the

term deceptive, caselaw has established that "the implicit understanding is that the actor misrepresented something of material importance." *Id.* at 519, citing *State v. Kaiser*, 161 Wn. App. 705, 719, 254 P.3d 850 (2011).

Defendants allege that an agent of J&J's came onto their property uninvited, took videos and pictures of Defendants and their friends without permission, and falsely accused the Brubakers and Brewbakers Brewing of unlawfully intercepting a television program for commercial gain. Dkt. #28, *Counterclaims Against J&J's*, ¶¶ 8-13.

Defendants' Answer further states that the Brubakers and Brewbakers Brewing charged no fees, sold no products, and did not profit from the private gathering of friends taking place in a residential building. Dkt. #28, *Counterclaims Against J&J's*, ¶ 8. This contrasts with Plaintiff's Complaint, which states that the Brewbakers had an "obvious and direct financial interest in the activities of the Business, which included the unlawful interception of Plaintiff's Program." Dkt. #1. ¶ 20. J&J further alleges that the interception of the program was done for the purpose of commercial advantage and private gain. Dkt. #1, ¶ 28. J&J alleges that Defendants "did not pay what they had to pay to make commercial use of the Program." Dkt. #1, ¶ 39.

This mischaracterization of the Brewbakers' conduct constitutes an omission or misrepresentation of material importance—the fact that the Brewbakers did not show any program in a commercial establishment, the fact that they did not profit from the program in any respect, and the fact that they paid all applicable fees for the program. This conduct is in direct conflict with J&J's own report and has the capacity to deceive and sufficiently alleges the first element of a CPA claim.

OPPOSITION TO PLAINTIFF'S MOTION TO
DISMISS COUNTERCLAIMS – 4
175593.1 | 102225.2

Ahlers Cressman & Sleight PLLC
999 THIRD AVE, SUITE 3800 SEATTLE, WA 98104-4023

### 2. J&J's Practice of Routinely Filing Lawsuits Constitutes Conduct in Trade or Commerce

In *Allstate Ins. Co. v. Tacoma Therapy, Inc.*, 2014 WL 1494100 (W.D. Wash. 2014), the Court held that if a party routinely files lawsuits as part of its business, then its conduct, pleadings, affidavits and testimony within those lawsuits are within the sphere of trade or commerce for purposes of the CPA. *Id*. at *5. There is no question that J&J routinely files lawsuits like the case at issue.

J&J itself has alluded to and used as support a multitude of similar previous cases in its pleadings in this litigation.[1] In fact, this Court previously took the unusual step of requiring counsel for J&J to prove that its pleadings were in fact original and were not copy and pasted from previous lawsuits on the subject matter.[2]

J&J's engagement in similar lawsuits is also apparent from discrepancies in its own pleadings. For example, J&J alleged in its Complaint that Defendants unlawfully intercepted *"Manny Pacquiao v. Timothy Bradley, Jr. WBO Welterweight Championship Fight Program"* on Saturday, April 9, 2016. *See* Dkt. #1, p. 5. However, J&J's Motion for Default Judgment alleges Defendants unlawfully intercepted "*Floyd Mayweather Jr. v. Andre Berto WBA/ WBC Welterweight Championship Fight Program*" on Saturday, September 12, 2015. *See* Dkt. #19, pp. 2-4. Moreover, J&J's Motion for Default Judgment wrongly claims Defendants were present in Oregon at the time of the alleged interception. *See* Dkt. #19, p. 4. Defendants' property is in Washington.

---

[1] *See* Dkt. #19, *Motion for Default Judgment*, at pp. 5-10 listing at least nine different lawsuits filed by J&J's.
[2] *See* Dkt. #21, *Judgment in a Civil Case*, at p. 2 requiring J&J's to indicate whether the materials used to generate its pleadings have been used in prior litigation.

1  J&J's references to previous similar suits and the discrepancies in its pleadings
2  shows J&J frequently engages in litigation as part of its business, placing such litigation
3  within the sphere of trade or commerce for purposes of the CPA. *Allstate Ins. Co. v.*
4  *Tacoma Therapy, Inc.*, 2014 WL 1494100 (W.D. Wash. 2014).

      **3.    J&J's Conduct Affects the Public Interest**

6  An act or practice is injurious to the public interest if it has the capacity to injure
7  other persons. RCW 19.86.093(3)(c). It is the likelihood that additional plaintiffs have
8  been or will be injured in the same fashion that turns a dispute into one affecting the
9  public interest. *Rhodes v. Rains*, 195 Wn. App. 235, 247, 381 P.3d 58 (2016), citing
10 *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 790, 719
11 P.2d 531 (1986). The Washington Supreme Court has stated that one of the factors to be
12 considered in evaluating whether conduct affects the public interest is whether it was
13 committed in the course of a party's business. *Hangman Ridge Training Stables, Inc. v.*
14 *Safeco Title Ins. Co.*, 105 Wn.2d 778, 791, 719 P.2d 531 (1986).

15 The fact that J&J engaged in the unfair or deceptive conduct as part of its business
16 operations, the multitude of previous similar lawsuits, and the failure of J&J to even
17 properly edit its pleadings from that of previous lawsuits shows there is a likelihood that
18 additional parties who watch or show television programs will be injured in the same
19 fashion as Defendants. J&J engages in this type of litigation as part of its business model.
20 The existence of prior similar lawsuits and the high likelihood of future lawsuits places
21 this conduct squarely within the public interest.



Ahlers Cressman & Sleight PLLC
999 THIRD AVE, SUITE 3800 SEATTLE, WA 98104-4023

### 4. The Brewbakers have Alleged Sufficient Injury Caused by Plaintiff's Conduct to Survive a Motion to Dismiss

Injury to property or business for a CPA claim is broadly construed. *University of Washington v. Government Employees Insurance Co.*, 200 Wn. App. 455, 476, 404 P.3d 559 (2017). Even minimal injury is sufficient to meet the damages element of a CPA claim. *Id*. Costs incurred in investigating an unfair or deceptive act are sufficient to establish the necessary injury. *Id*. To establish the causation element of a CPA claim, a party must show that but for the other party's unfair or deceptive practice, the plaintiff would not have suffered an injury. *Carlile v. Harbour Homes, Inc.,* 147 Wn. App. 193, 214, 194 P.3d 280 (2008).

J&J claims that Defendants' Counterclaim should be barred for failure to allege sufficient injury. The Brewbakers have incurred substantial costs in defending against this lawsuit. Eleanor and Robert Brubaker are retired and in their 70s. Dkt. #24, ¶ 2. They are not a multi-state corporation with large amounts of available capital. The financial burden imposed by this lawsuit does not fall lightly on them. Defendants' CPA Counterclaim claims J&J committed an unfair or deceptive act by falsely accusing Defendants of unlawfully intercepting a television program for commercial gain. Defendants alleged substantial financial costs as a result of this unfair or deceptive act. There is no question these costs have been incurred because of J&J's accusations of unlawful interception of a television program.

Defendants have pleaded enough for the Court to draw the "reasonable inference" that the unfair or deceptive act caused the financial damages incurred by the Brewbakers. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). These damages are legally recoverable in the State of Washington and are sufficient to survive a motion to dismiss.

OPPOSITION TO PLAINTIFF'S MOTION TO
DISMISS COUNTERCLAIMS – 7
175593.1 | 102225.2



Ahlers Cressman & Sleight PLLC
999 THIRD AVE, SUITE 3800 SEATTLE, WA 98104-4023

1  **B.  The Litigation Privilege Does Not Bar the Brewbakers' Consumer Protection Act Counterclaim**

J&J asserts the Brewbakers' Counterclaim for violation of Washington's Consumer Protection Act falls within the litigation privilege and is therefore barred. This shows a misunderstanding of the litigation privilege as construed by Washington courts.

In *Wynn v. Earin*, 163 Wn.2d 361, 369-70 181 P.3d (2008), the Washington Supreme Court explained in depth the litigation privilege and the reasoning behind it. The Court stated the "general rule is that *witnesses* in judicial proceedings are absolutely immune from suit founded on their testimony." (Emphasis added.) The purpose of the rule is to preserve the integrity of the judicial process by encouraging full and frank testimony. *Id*. The rule rests on the safeguards against false or inaccurate testimony which inhere in the judicial process itself. *Id*. Reliability and truthfulness of witness testimony is ensured by the witness's oath, the hazard of cross examination, and the threat of prosecution for perjury. *Id*.

**1.  The Litigation Privilege Does Not Apply Because J&J is not a Witness**

J&J appears to argue that because the allegations in its Complaint incorporate statements from its investigator's report, the Brewbakers' Counterclaim is barred. This is an incorrect reading of the litigation privilege. While J&J's Complaint is the culmination of the investigator's report, merely including portions of the report in the Complaint does not sweep it under the litigation privilege. Doing so would be antithetical to the purpose of the privilege and would allow for any complaint containing a statement from an expert witness to fall within the protections of the privilege.

OPPOSITION TO PLAINTIFF'S MOTION TO
DISMISS COUNTERCLAIMS – 8
175593.1 | 102225.2



Furthermore, the investigator, unlike cases where the privilege applies, is not an expert witness. *See Bruce v. Byrne-Stevens & Associates Engineers, Inc.*, 113 Wn.2d 123, 131, 776 P.2d 666 (1989) (stating the privilege as expert witness immunity). The Washington Supreme Court has stated that the litigation privilege extended to expert witnesses is based on the idea that the finder of fact will be aided by hearing from such experts, and court sanctions are available to deter untruthful testimony. *Id*. at 129-130.

Here, there are several reasons precluding application of the litigation privilege. First, the Brewbakers are suing J&J, not J&J's investigator. Even if the investigator did qualify as an expert witness, there is no claim against the investigator for the privilege to apply to. Rather, it is J&J that is being sued for violation of the CPA.

Second, unlike in-court testimony of an expert, judicial processes are not in place to ensure the accuracy or veracity of the investigator's report. The investigator was not subject to cross-examination, and his answers could not be gauged for their truthfulness. These judicial safeguards are crucial underpinnings justifying the application of the privilege and are not present for a private investigator report issued before the start of litigation. The investigator is a third party who was apparently contracted by J&J. As a third-party fact witness, the investigator is not protected by any applicable privileges.

**2. The Assertions in J&J's Complaint Are Not covered by the Litigation Privilege**

J&J cites to *Allstate Ins. Co. v. Tacoma Therapy, Inc.*, 2014 WL 149100, at *4 (W.D. Wash. 2014), for the proposition that the Brewbakers' CPA Counterclaim should be dismissed because it falls within the litigation privilege by relying on statements within J&J's Complaint.

As explained above, the litigation privilege in Washington applies to statements of expert witnesses to support the policy of fair and open in-court testimony. *See Wynn*, 163 Wn.2d 361 at 369. The *Tacoma Therapy* case does not expand this view of the doctrine, but rather states a <u>defamation</u> claim may not be brought based on statements made during the course of judicial proceedings. *See* 2014 WL 149100 at *4.

A thorough reading of *Tacoma Therapy* shows that the litigation privilege does not bar a CPA claim brought based on statements within a complaint. In fact, just after the *Tacoma Therapy* court finished its discussion on why <u>defamation</u> claims are barred by the litigation privilege, the court refused to dismiss a CPA claim based on allegations within the very same complaint. *Id*. at *5. Similar to *Tacoma Therapy*, here the Brewbakers' CPA claim should not be dismissed because it is based in part on allegations within J&J's Complaint.

C.  **The Brewbakers' Facebook Post Does Not Bar a Consumer Protection Act Claim.**

Plaintiff attached to its Motion to Dismiss a screenshot of a Facebook post. *See* Dkt. #29, Ex. 1. J&J does not argue and there is no authority stating that the Facebook post defeats Defendants' CPA Counterclaim.

Notably, the post does not reference the sale of any beer, or the payment of any cover charge to view the program at issue. The Brewbakers Brewery is located on land containing several small outbuildings. Dkt. #24, ¶ 3. At the time of the alleged unlawful interception of the program, the building in question was a strictly residential building used for storage and was not a part of Brewbakers Brewing. Dkt. #24, ¶ 4. In fact, this building did not receive a certificate of occupancy until 2018. Dkt. #24, ¶ 9.

OPPOSITION TO PLAINTIFF'S MOTION TO
DISMISS COUNTERCLAIMS – 10
175593.1 | 102225.2



1   The Facebook post in question lists the number of "interested guests" as two.
2   Dkt. #29, Ex. 1.  This supports the Brewbakers' contention that this was a small private
3   party consisting of a few of their friends, rather than a commercial operation of
4   Brewbakers Brewery.
5   There is nothing unlawful about posting on Facebook to invite friends to a party
6   and doing so does not defeat the Brewbakers' CPA claim for J&J falsely accusing
7   Defendants of unlawfully intercepting a television program for profit.

## V. CONCLUSION

Because Defendants have sufficiently pleaded a Consumer Protection Act claim under the Federal Rules of Civil Procedure, Defendants respectfully request that the Court deny J&J's Motion to Dismiss Defendants' Counterclaims.

DATED:  This 7th day of January, 2019.

**AHLERS CRESSMAN & SLEIGHT PLLC**

By:   */s/ Jonathan Schirmer*
Brett M. Hill WSBA #35427
brett.hill@acslawyers.com
Jonathan Schirmer, WSBA #54207
jonathan.schirmer@acslawyers.com
999 Third Avenue, Suite 3800
Seattle, WA  98104-4023
Phone:  (206) 287-9900
Fax:  (206) 287-9902
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this date, I electronically filed the foregoing Opposition to Plaintiff's Motion to Dismiss Counterclaims with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

>Bruce H. Orr, OSB #813297
>Attorneys for J&J Sports Productions, Inc.
>Wyse Kadish LLP
>900 S.W. Fifth Avenue
>Portland, OR  97204
>Telephone:  (503) 228-8448
>Facsimile:  (503) 273-9135
>E-Mail:  bho@wysekadish.com

DATED: This 7th day of January, 2019, at Seattle, Washington.

>*/s/ Wendy M. Wheat-McCoy*
>Wendy M. Wheat-McCoy
>Legal Assistant
>AHLERS CRESSMAN & SLEIGHT PLLC
>999 Third Avenue, Suite 3800
>Seattle, WA  98104-4023
>Telephone:  (206) 340-4687
>Facsimile:  (206) 287-9902
>wendy.wheatmccoy@acslawyers.com

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS – 12

175593.1 | 102225.2